IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00249-PAB-CBS

JOSE BLANCO, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

XTREME DRILLING AND COIL SERVICES, INC., a Texas corporation,

    Defendant.

---

# ORDER

---

This matter is before the Court on Plaintiff's Motion for Reconsideration of Order on Defendant's Motion for Partial Summary Judgment [Docket No. 25]. Plaintiff seeks reconsideration of the Court's March 8, 2107 order granting partial summary judgment in favor of defendant. Docket No. 24. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff claims that the Court "found an ambiguity in the [Colorado Minimum Wage Order ("Wage Order"), 7 Colo. Code Regs. § 1103-1:1 *et seq*.] and, consequently, excluded tens of thousands of oil and gas industry workers from Wage Order protections." Docket No. 25 at 2. Plaintiff argues that the Court erred in analyzing the "'Fact Sheet' issued by the Colorado Department of Labor and Employment's Division of Labor ('Department of Labor') which states that the Wage Order does not apply to 'a variety of other industries such as construction, manufacturing, [and] wholesale.'" *Id*. (quoting Docket No. 17-2).

The Court found that defendant was not in the Commercial Support Services industry because the tasks it contracted to perform are specialized, unlike the routine tasks that the regulation lists as examples of those provided in the regulatory definition. Docket No. 24 at 6-7. The Court did not find the regulation ambiguous. Rather, it based its analysis on *Salazar v. Butterball, LLC*, 644 F.3d 1130, 1143 (10th Cir. 2011) ("*Butterball*"), which "look[ed] to whether the employer's operations fit the industry definition, not whether any of the company's employees perform services that may be supplied in a particular industry." Docket No. 24 at 7 (citing *Butterball*, 644 F.3d at 1143-44). The Court's order discussed the Fact Sheet as additional evidence supporting its interpretation of the regulation, which did not otherwise rely on the Fact Sheet. The Court found that "*even if* 'equipment operations' is ambiguous . . ., extrinsic evidence in the form of the Fact Sheet supports defendant's interpretation that defendant is not in the Commercial Support Services industry." Docket No. 24 at 8 (emphasis added).[1] Plaintiff provides no argument that the Court misinterpreted *Butterball* or authority showing the Court was incorrect in determining that defendant was not in the Commercial Support Services industry because defendant performs services that differ in kind from those performed by companies that would meet the regulation's definition. *See id*. at 6-7. Accordingly, reconsideration is inappropriate

---

[1] Plaintiff's new argument based on the Department of Labor's Advisory Bulletin 30(I) is similarly unavailing. *See* Docket No. 25 at 2-3. First, plaintiff did not raise Advisory Bulletin 30(I) in the initial briefing and, therefore, waived this argument. *See* Docket No. 18. Second, Advisory Bulletin 30(I), like the Fact Sheet, does not purport to provide an exhaustive list of industries to which the Wage Order does not apply. *See* Docket No. 25-1 at 3-6. Rather than applying to all industries except to those that are excluded, the Wage Order is limited to four identified industries. Docket No. 24 at 3 (citing 7 Colo. Code Regs. § 1103-1:1).

because, even if plaintiff were correct about the Fact Sheet, he has not shown that the Court's prior order was in error. *See Vigil v. Colorado Dep't of Corrections*, No. 09-cv-01676-PAB-KLM, 2011 WL 1518660, at *1 (D. Colo. Apr. 20, 2011); *cf. Servants of the Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.") (citations omitted).

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Reconsideration of Order on Defendant's Motion for Partial Summary Judgment [Docket No. 25] is **DENIED**.

DATED March 2, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge