IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:16-cv-00249-PAB-SKC

JOSE BLANCO, *on behalf of himself and all similarly situated persons*,

    Plaintiff,

v.

XTREME DRILLING AND COIL SERVICES, INC., *a Texas corporation*,

    Defendant.

**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, CERTIFYING CLASS FOR PURPOSE OF SETTLEMENT, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FINAL APPROVAL HEARING [#48]**

This Order addresses the parties' Joint Motion for Preliminary Approval of Settlement Agreement, Certifying Class for Purpose of Settlement, Directing Notice to the Class, and Scheduling Final Approval Hearing [#48] (the "Motion").[1] Chief Judge Philip A. Brimmer referred the Motion to this Court. [#49.] The Court has fully considered the Motion and all related submissions. No hearing is necessary. For the following reasons, the Motion is GRANTED.

---

[1] The Court uses "[#__]" to refer to entries in the CM/ECF Court filing system.

1

## A. DISCUSSION

Plaintiff Jose Blanco filed this class action against Defendant Xtreme Drilling and Coil Services, Inc. on February 2, 2016. He alleged Defendant failed to include all compensation in calculating the overtime rates of its Colorado-based hourly field employees. The additional compensation excluded from overtime rates included: certain bonuses, "mud pay," training pay, and per diems.

The Parties have agreed to settle this action on a class-wide basis for a maximum payment of $850,000.00, inclusive of attorney's and litigation costs, payroll taxes, enhancement awards, and administration costs. [*See generally* #48-1.] The settlement is non-reversionary, and there is no claims process. [#48 at p. 2.] To effectuate the settlement and distribute funds to settlement class members, the parties request: (1) preliminary approval of the proposed Settlement Agreement [#48-1] ("Proposed Agreement"); (2) certification of the proposed class for settlement purposes; (3) approval and authorization for mailing/emailing the proposed class Notice of Proposed Class Action Settlement ("Proposed Notice"); and (5) a date for a final approval hearing. [*Id.*]

**1.    Approval of Proposed Agreement**

Preliminary approval of a class action settlement is a provisional step. At this stage, the Court is tasked with determining whether there is "any reason not to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006). Courts preliminarily approve a class action settlement when it "appear[s] to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential

2

treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Motor Fuel Temp. Sales Practices Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012). "Preliminary approval of a class action settlement, in contrast to final approval, is at most a determination that there is . . . 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-PAB-KLM, 2013 WL 457404, at *3 (D. Colo. Aug. 28, 2013) (internal quotations omitted). Approval of a proposed class settlement requires the court to consider whether the settlement is fair, reasonable, and adequate. *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1266 (10th Cir. 2004). Courts also consider these four factors:

> (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Sell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

The Court has considered all of these factors and finds that preliminary approval of the Proposed Agreement is warranted.

**2.    Rule 23 Requirements**

A class certified for settlement purposes must nevertheless satisfy the requirements of Rule 23. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620-22 (1997). "Settlement, though a relevant factor does not inevitably signal that class-action certification should be granted more readily than it would be were the case to be litigated." *Id.* at 620 n. 16. Indeed, "proposed settlement classes sometimes warrant more, not less,

3

caution on the question of certification." *Id.* "On the other hand, a district court that is asked to certify a class for settlement purposes need not inquire whether the case would, if tried, present 'intractable management problems,' as settlement necessarily means the parties are not proceeding to trial." *In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1227 (D.N.M. 2012) (quoting *Amchem Prods.*, 521 U.S. at 620 n.16).

### a. Rule 23(a)

A party seeking to certify a class bears the "strict" burden of proving that the requirements of Rule 23 have been met. *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988); *see also Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378, 381 (D. Colo. 1993). Specifically, Plaintiff must establish each of the four requirements set forth in Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Cook*, 151 F.R.D. at 381. Considering these requirements, Defendant "agrees that Plaintiff's contentions are sufficient to demonstrate a proper settlement class under Rule 23" but reserves the right to contest whether a class action is proper in this case, if necessary. [#48 at p. 11 n. 1.]

The Court finds that information provided by the Parties satisfies the requirements of numerosity, common questions of law or fact, typicality, and fairness. Thus, these requirements of Rule 23 are met for purposes of settlement.

### b.     Rule 23(b)(3)

Additionally, class certification requires a finding that the case falls within one of the subcategories provided in Rule 23(b). *Id.* Here, the Parties agree that this certification falls within Rule 23(b)(3) – common questions of law or fact predominate over individualized questions. Rule 23(b)(3) permits class certification when (1) common questions of law and fact predominate over any individual claims and (2) a class action is the superior method to fairly and efficiently adjudicate the matter. Under this analysis, the Court must determine whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623.

There is a common nucleus of facts in the present case that derive from the alleged exclusionary compensation practices by Defendant, and the Court finds the settlement class members would be entitled to the same legal remedies. *Cf. id.* (holding that predominance requirement is satisfied where plaintiff establishes a common nucleus of facts and potential legal remedies dominates the litigation). Moreover, the Court finds no realistic alternative for efficiently managing the litigation, making class action the superior method for resolving this dispute. *Cf. Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996) (stating standard for satisfying Rule 23(b)(3)'s superiority requirement). Thus, the settlement class satisfies the requirements of Rule 23(b)(3).

**c.    Rule 23(e)**

Rule 23(e) of the Federal Rules of Civil Procedure allows Courts to direct reasonable notice to all class members. *See Lucas*, 234 F.R.D. at 696. Courts have broad discretion to approve the specific form and content of notice so long as the notice meets the requirements of constitutional due process. *See In re Integra Realty Res.*, 262 F.3d

Case No. 1:16-cv-00249-PAB-SKC   Document 52   filed 03/08/20   USDC Colorado
pg 6 of 7

at 1110-11. These requirements are satisfied when the notice is reasonably calculated to apprise interested parties of the pendency of the proposed settlement and afford them an opportunity to object. *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 944 910th Cir. 2005). A Rule 23(e) settlement notice must inform class members: (1) of the nature of the pending litigation; (2) the general terms of settlement; (3) that complete information is available from the court files; and (4) that any class member may appear and be heard at the final approval hearing. *See Lucken Family L.P., LLLP v. Ultra Res., Inc.* No. 09-cv-01543-REB-KMT, 2010 WL 2650037, at *3-4 (D. Colo. June 30, 2010).

The Court has reviewed the Proposed Notice and finds that it satisfies these requirements. Thus, the Court approves and authorizes the Proposed Notice for mailing/emailing.

## B. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion [#48] is GRANTED. IT IS FURTHER ORDERED, as follows:

1. the proposed settlement class is conditionally certified for settlement purposes only;

2. the form and manner of notice proposed by the Parties, as set forth in Docket No. 48-1, as well as the proposed timetable, is approved;

3. Plaintiff Jose Blanco is appointed Settlement Class Representative and JND Legal Administration is appointed Settlement Administrator; and

4. the Parties shall jointly contact Chief Judge Brimmer's Chambers within three (3) business days to set a fairness hearing to determine whether to grant final approval of the Settlement.

DATED: March 8, 2020

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

7